UNITED STATES DISTRICT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

|  |  |  |
|---|---|---|
| DARLENE JOHNSON, | ) | Case No. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DENNIS R. McDONOUGH, | ) | |
| SECRETARY, | ) | |
| Department of Veterans Affairs, | ) | |
| 131 M Street, NE, | ) | |
| Washington, DC 20507 | ) | |
| | ) | |
| Defendant. | ) | JURY DEMAND |
| | ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Darlene Johnson, by and through her undersigned counsel, hereby files this Complaint against Dennis R. McDonough, as the Secretary of the Department of Veterans Affairs, for discrimination, retaliation, and hostile work environment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 et. seq. ("Title VII") and discrimination and hostile work environment based upon disability pursuant to Rehabilitation Act of 1973, as amended, 29 U.S.C. Sections 701 et. seq.

**PARTIES AND JURISDICTION**

1. Ms. Darlene Johnson ('Plaintiff') is a resident of Kingsford, Michigan.  Ms. Johnson at all times relevant to this Complaint was employed with the Defendant.

2. Defendant Dennis R. McDonough, as the Secretary of the Department of Veterans Affairs, is an agency as that term is defined in 5 U.S.C. § 552(a)(1) for the purposes of 42

1

U.S.C. § 2000e-16(a).  Secretary McDonough is sued in his capacity as the Secretary and head of the Department of Veterans Affairs.

3. Jurisdiction is proper in this Court pursuant to 42 U.S.C. § 2000e-16(c) and 28 U.S.C. § 1331 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce."

4. The Department of Veterans Affairs ('VA' and/or Defendant) is a Federal Agency.

5. Venue is proper in this Court pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b), as Secretary McDonough is the head of a governmental agency of the United States that does business in and in the Western District of Michigan, specifically for this matter in Iron Mountain, MI.  Ms. Johnson's official duty station prior to being disabled in the course of her duty with the Agency was at the Oscar G. Johnson VA Medical Center located in Iron Mountain, MI.  Many decisions made and events giving rise to this action occurred in Iron Mountain, MI, and key documents, including employment records, and witnesses are located within the Oscar G. Johnson VA Medical Center and VA Headquarters located in the District of Columbia.

**EXHAUSTION OF ADMINISTRATIVE PROCESS**

6. On February 2, 2021, Plaintiff filed a formal complaint (200J-0585-2021101235) alleging that officials at the Oscar G. Johnson VA Medical Center (VAMC) located in Iron Mountain, Michigan, subjected her to a hostile work environment based on disability and reprisal for prior EEO activity. The Department's Office of Resolution Management, Diversity & Inclusion (ORMDI) issued a Notice of Acceptance of the complaint on

February 19, 2021. ORMDI later completed a Report of Investigation ('ROI') of the accepted claims raised in the complaint.

7. Plaintiff attempted to amend the Formal Complaint (200J-0585-2021101235) but was instructed the complaint could not be amended after the investigation stage. On September 7, 2021, Plaintiff filed a second Formal Complaint (200J-VI12-2021104987) alleging a violation of the Rehabilitation Act by officials at the Oscar G. Johnson VAMC. ORMDI issued a Notice of Acceptance on September 28, 2021. ORMDI later completed a Report of Investigation ('ROI') of the accepted claims raised in the complaint. Plaintiff believes that this ROI was not tendered by ORMDI as required by 29 C.F.R. § 1614.108.

8. Plaintiff was notified by the Agency of her right to request a hearing and Plaintiff timely requested Final Agency decisions in both Formal Complaints.

9. The Plaintiff requested the Office of Employment Discrimination Complaint Adjudication for the Agency provide Final Agency Decisions for both the Formal Complaints she filed in 200J-0585-2021101235 and 200J-VI12-2021104987.

10. On or about March 8, 2022, the Office of Employment Discrimination Complaint Adjudication ('OEDCA') notified the Plaintiff that pursuant 29 C.F.R. §1614.606 the two complaints 200J-0585-2021101235 and had been consolidated for joint processing.

11. On or about March 15, 2021, the OEDCA issued a Final Agency Decision ('FAD') alleging that Complainant failed to prove that she was subjected to disability-based discrimination, retaliation, or disability discriminatory or retaliatory hostile work environment.

12. The Plaintiff has exhausted her administrative remedies for Complaints 200J-0585-2021101235 and 200J-VI12-2021104987 and timely files this civil action within ninety (90) days of receipt of the FAD.

## STATEMENT OF CLAIMS

13. Plaintiff served with the Agency as Health Promotion/Disease Prevention Program Manager since 2011.

14. On or about October 11, 2018, while on duty in her position with the Agency, the Plaintiff was in a serious automobile accident caused by another driver.

15. As a result of the accident, the Plaintiff suffered a Neurocognitive Disorder and the Agency initially controverted Plaintiff's claim with Workers' Compensation.

16. As of October 18, 2018, the Plaintiff has not been able to perform her duties with the Agency due the injuries sustained in the accident.

17. Plaintiff, Darlene Johnson is an individual with a disability under the Rehabilitation Act of 1973, as amended, 29 U.S.C. Sections 706, 791 et seq. She has impairments, from chronic uveitis/iritis to both her eyes as well as her traumatic brain injury (TBI), and agents and or supervision for Defendant harassed and retaliated against her because of those impairments and her opposition to workplace harassment.

18. The Plaintiff was approved for disability retirement effective as of February 27, 2021.

19. In Complaint 200J-0585-2021101235, Plaintiff alleged the Agency discriminated against her based upon her disability and violated the Rehabilitation Act when it disseminated and disclosed medical information pertaining to the Plaintiff.

20. Agents and or supervision of the Defendant including but not limited to Mr. Donald Lee improperly stored, received, and or distributed documents containing the Plaintiff's psychiatric status from her mental health provider.

21. Agents and or supervision of the Defendant within the human resources department at the Iron Mountain VAMC improperly stored psychiatric medical records for the Plaintiff that allowed unauthorized access and or improper distribution.

22. On or about June 26, 2021, Plaintiff learned that her medical records and or confidential information related to her disability were improperly distributed when Mr. Donald Lee attached the records to his affidavit in response to EEOC Complaint 200J-0585-2021101235.

23. In pending lawsuit 2:21-cv-36, Plaintiff alleged the Agency subjected to her hostile work environment based upon reprisal for prior EEO activity and discriminated against her based upon her disability of chronic uveitis/iritis to both her eyes as well as her traumatic brain injury (TBI) caused by the October 18, 2018, accident.

24. Plaintiff's TBI causes her to be confused on occasion, and substantially limits her major life activities of concentration, thinking, and speaking. These conditions and her chronic uveitis/iritis are worsened by stress.

25. On or about November 21, 2020, Plaintiff received a Notice of a Special Medical Exam for Fitness of Duty ('Exam') from agents and or supervisors of the Defendant that required the Plaintiff to travel from Iron Mountain, MI to Milwaukee, WI.

26. Agents and or supervisors of the Defendant scheduled the Exam for December 8, 2021, without consultation with Plaintiff.

27. The Exam scheduled by Defendant was set during the Covid-19 pandemic and Plaintiff provided notice from her personal physician that Plaintiff was a high risk for Covid-19 and should not travel to Milwaukee, WI for the Exam.

28. Between November 21, 2020, and December 9, 2020, the Plaintiff requested an accommodation to have the Exam completed in Iron Mountain, MI and or virtually due to her disability and Covid-19 pandemic.

29. Between November 21, 2020, and December 9, 2020, agents and or supervisors of the Defendant would only provide alternative options of travel for the Plaintiff to Milwaukee, WI, but refused to accommodate the Plaintiff's requests contained within Paragraph 29.

30. Between November 21, 2020, and December 9, 2020, Agents and or supervisors including but not limited to those within the Iron Mountain VAMC were already aware of the Plaintiff's work status and that her disability rendered her unfit for duty.

31. On or about September 28, 2020, agents and or supervisors of Defendant returned the Plaintiff's Federal Employment Disability Retirement forms confirming Plaintiff's eligibility for a disability retirement without requiring a Fitness for Duty Exam.

32. Despite the confirmation of Plaintiff's disability and eligibility for retirement agents and or supervisors of Defendant continued to force the Plaintiff to submit to the Exam scheduled for December 9, 2020.

33. On or about November 19, 2020, through December 9, 2020, the management officials of the Plaintiff employed by Defendant knew Plaintiff could not perform the essential functions of her position because of a medical condition.

34. Agents and or supervisors of Defendant failed to provide the Plaintiff with the necessary documents including but not limited to a Statement of Medical Documentation for Plaintiff's health care providers.

35. Between November 19, 2020 and December 9, 2020, Agents and or supervisors of Defendant informed the Plaintiff she would be removed from Federal service if she failed to complete the Exam.

36. The Notice for the Exam sent to the Plaintiff was signed by Jim Rice, the former director of the Iron Mountain VAMC who was named as a responsible management official in the Plaintiff's prior EEO complaints.

37. At all times relevant to this Complaint and the scheduling of the Exam, Mr. Rice, Donald Lee, along with others in supervision at the Iron Mountain VAMC were on notice of the Plaintiff's prior EEO activity when she filed prior EEO complaints and requested reasonable accommodations.

38. Plaintiff alleges that Mr. Rice and others within the Iron Mountain VAMC unnecessarily

required the Exam in retaliation for her prior EEO activity.

39. Plaintiff alleges that Mr. Rice and others within the Iron Mountain VAMC and Employee and Labor Relations for Defendant discriminated against Plaintiff based upon her disability by requiring the Exam and threatening the Plaintiff with removal from Federal service.

## COUNT I
### Discrimination in Violation of Title VII 42 U.S.C. § 2000 et. seq.

40. Plaintiff re-alleges and incorporates paragraphs one (1) to thirty-nine (39) set forth herein.

41. The acts of discrimination prevented the Plaintiff from enforcing or enjoying her rights in her position at the Department of Veterans Affairs.

42. Department of Veterans Affairs (Agency), primarily through the acts of Plaintiff's direct supervision and its other employees, with the intent of discriminating against Plaintiff created a hostile work environment and engaged in a direct pattern of retaliation for her prior EEO Activity as described herein.

43. Agency leadership, agents, and/or employees engaged in a direct method of reprisal against the Plaintiff for her prior protected activity

44. Agency leadership, agents, and/or employees allowed other similarly situated employees who had not engaged in prior protected activity to be treated more favorably than Plaintiff.

45. As a result of Defendant's discrimination on the basis of retaliation for engagement in

prior protected activity, Plaintiff suffered and continues to suffer economic losses, mental anguish, pain and suffering and other non-pecuniary losses.

## COUNT II
### Hostile Work Environment in Violation of Title VII 42 U.S.C. § 2000 et. seq.

46. Plaintiff re-alleges and incorporates paragraphs one (1) to forty-five (45) set forth herein.

47. Department of Veterans Affairs, primarily through the acts of acts of Plaintiff's direct supervision and its other employees, with the intent of discriminating against Plaintiff due to her past protected activity, engaged in a pattern of discriminatory behavior that created a hostile work environment as described herein.

48. Plaintiff did not welcome this conduct and perceived the working environment to be abusive and hostile.  A reasonable person in the Plaintiff's circumstances would consider the work environment endured by Plaintiff to be abusive or hostile.

## COUNT III
### Discrimination based upon Disability, Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701 et seq.

49. Plaintiff re-alleges and incorporates paragraphs one (1) to thirty-nine (39) as if fully set forth herein.

50. The effect of the practices complained of in the paragraphs herein has been to deprive Plaintiff of equal employment opportunities and otherwise affected her status as an employee because Defendant discriminated against her because of her disabilities and retaliated against her for complaining about disability-related harassment.

51. As a result of defendant's retaliatory acts, plaintiff has suffered and will continue to suffer

irreparable injury, emotional distress, and other compensable damage unless and until this Court grants relief.

52. The Rehabilitation Act, 29 U.S.C. §§ 701 et. seq., makes it unlawful for an employer to fail or refuse to hire, discharge, or otherwise discriminate against any qualified individual with respect to the compensation, terms, conditions, or privileges of employment because of the individual's disability, record of disability or because the employer regards the individual as disabled.

53. The Rehabilitation Act further requires employers to provide reasonable accommodations to qualified individuals with disabilities to ensure that they can perform the essential functions of their job, unless providing the reasonable accommodation would impose an undue hardship on the employer.

54. The Rehabilitation Act further requires employers to engage in a meaningful interactive process with employees with regard to reasonable accommodations.

55. The Rehabilitation Act further requires employers to engage in a meaningful interactive process with employees with regard to reasonable accommodations.

56. At all times relevant Defendant was an employer for purposes of the Rehabilitation Act.

57. Plaintiff is disabled for purposes of the Rehabilitation Act.

58. Defendant was aware of Plaintiff's disability.

59. Defendant was aware of Plaintiff's disability, failed to accommodate Plaintiff; and failed

to engage in a meaningful interactive process to determine how to accommodate Plaintiff's disability.

**COUNT IV**
**Discrimination based upon Disability – Hostile Work Environment, Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 706, 791 et seq.**

60. Plaintiff re-alleges and incorporates by reference Plaintiff re-alleges and incorporates paragraphs one (1) to thirty-nine (39).

61. The effect of the practices complained of in the paragraphs herein has been to deprive Plaintiff of equal employment opportunities and otherwise affected her status as an employee because Defendant discriminated against her because of her disabilities and retaliated against her for complaining about disability-related harassment.

62. The Rehabilitation Act makes it unlawful for an employer to fail or refuse to hire, discharge, or otherwise discriminate against any qualified individual with respect to the compensation, terms, conditions, or privileges of employment because of the individual's disability, record of disability or because the employer regards the individual as disabled.

63. The Rehabilitation Act further requires employers to provide reasonable accommodations to qualified individuals with disabilities to ensure that they can perform the essential functions of their job, unless providing the reasonable accommodation would impose an undue hardship on the employer.

64. The Rehabilitation Act further requires employers to engage in a meaningful interactive process with employees with regard to reasonable accommodations.

65. At all times relevant Defendant was an employer for purposes of the Rehabilitation Act.

66. Plaintiff is disabled for purposes of the Rehabilitation Act.

67. Defendant was aware of Plaintiff's disability.

68. Defendant was aware of Plaintiff's disability, failed to accommodate Plaintiff; and failed to engage in a meaningful interactive process to determine how to accommodate Plaintiff's disability and subjected plaintiff to a hostile work environment.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Johnson prays on her behalf that this Court grant judgment in her favor against Defendant, and further:

A. Lost back pay if applicable, interest on back pay, lost future pay, lost earnings capacity, and other lost wages in an amount not less than $300,000;

B. Compensatory damages in an amount not less than $300,000, for pecuniary and non-pecuniary losses, physical and emotional harm, pain and suffering, and reputational harm;

C. Reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 2000e-5(k); and

D. Such other and further relief as this Court deems just and proper.

Respectfully Submitted,

Ms. Darlene Johnson

**By: /s/ Jeff T. Schrameck**
SCHRAMECK LAW PLLC
Jeff T. Schrameck
State of MI Bar #P69523
42180 Ford Rd. Suite 275
Canton, MI 48187
(734) 454-5400 (office)
jeff@schramecklaw.com

Date: June 13, 2022

## JURY DEMAND

In accordance with Rules 38 and 39 of the Federal Rules of Civil Procedure, the Plaintiff hereby requests a jury on all issues raised in the instant Complaint which may be tried by jury.

>**/s/ Jeff T. Schrameck**
>SCHRAMECK LAW PLLC
>Jeff T. Schrameck
>State of MI Bar #P69523
>42180 Ford Rd. Suite 275
>Canton, MI 48187
>(734) 454-5400 (office)
>jeff@schramecklaw.com

Date: June 13, 2022