UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DARLENE JOHNSON,

        Plaintiff,

v.

DENNIS R. McDONOUGH,

        Defendant.

_____/

Case No. 2:22-cv-122

Hon. Hala Y. Jarbou
Chief U.S. District Judge

## REPORT AND RECOMMENDATION

### I. Introduction

Plaintiff Darlene Johnson brings this action against her former employer, Secretary of the Department of Veteran Affairs Denis R. McDonough.[1] This Report and Recommendation (R&R) addresses Defendant's motion to dismiss Plaintiff's complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

In short, Johnson's complaint contained claims of retaliation in violation of Title VII (Count I), hostile work environment in violation of Title VII (Count II), retaliation in violation of the Rehabilitation Act (Count III), hostile work environment in violation of the Rehabilitation Act (Count IV), and unlawful disclosure of information in violation of the Rehabilitation Act.[2] The undersigned respectfully

---

[1] Secretary McDonough's first name was misspelled in Johnson's complaint and is therefore misspelled in the docket sheet and case caption.

[2] Johnson's claim of unlawful disclosure was not identified as a separate count in her complaint. Nevertheless, Johnson alleged in her statement of claims that "Agents and or supervision of the Defendant within the human resources department

recommends that the Court dismiss Johnson's hostile work environment claims (Counts II & IV) because Johnson concedes dismissal of those claims. (ECF No. 27, PageID.82.) The undersigned further recommends that the Court dismiss Johnson's Title VII retaliation claim (Count I) because Johnson did not allege that she engaged in conduct protected by Title VII in her complaint. And the undersigned recommends that the Court dismiss Johnson's unlawful disclosure claim because Johnson's complaint contains only conclusory allegations of an unlawful disclosure. However, the undersigned recommends that the Court decline to dismiss Johnson's retaliation claim under the Rehabilitation Act because in the opinion of the undersigned, when viewed in the light most favorable to Johnson, the allegations in her complaint are sufficient to state that claim.

## II. Background

According to Johnson's complaint, she worked as the Health Promotion/Disease Prevention Program Manager for the Department of Veteran Affairs from 2011 to February 27, 2021. (ECF No. 1, PageID.4.) During this time, Johnson was stationed at the Oscar G. Johnson VA Medical Center (VAMC) in Iron Mountain, Michigan. (*Id.*, PageID.2.) Johnson says that she has a history of filing complaints against Department officials with the Equal Employment Opportunity Commission (EEOC), and that Secretary McDonough's agents were aware of those complaints prior to the events underlying her present claims. (*Id.*, PageID.7.)

---

at the Iron Mountain [VA Medical Center] improperly stored psychiatric medical records for the Plaintiff that allowed unauthorized access and or improper distribution." (ECF No. 1, PageID.5.)

Johnson reports that she has a Traumatic Brain Injury (TBI) and chronic uveitis/iritis to both of her eyes. (*Id.*, PageID.4.) Her TBI was caused by a serious automobile accident that occurred while Johnson was on the job on October 11, 2018. The accident left Johnson unable to perform her job duties, and she was ultimately approved for disability retirement effective February 27, 2021. (*Id.*)

Johnson claims that Secretary McDonough's agents initially confirmed Johnson's eligibility for disability retirement in Federal Employment Disability Requirement forms returned to Johnson on September 28, 2020. (*Id.*, PageID.6.) But despite this confirmation, Johnson says that she received a Notice of Special Medical Exam for Fitness of Duties from Secretary McDonough's agents on November 21, 2020. (*Id.*, PageID.6-7.) The exam was scheduled for December 9, 2020, in Milwaukee, Wisconsin. (*Id.*, PageID.7.)

After the exam was scheduled, Johnson says that she provided Secretary McDonough's agents with a notice from her physician stating that she should not travel to Milwaukee because she was at a high risk of contracting the Covid-19 virus. (*Id.*, PageID.6.) Johnson asked that the exam be rescheduled to take place virtually or in Iron Mountain. Secretary McDonough's agents offered different forms of travel to Milwaukee but refused Johnson's requests for an alternative testing location. (*Id.*) Despite their knowledge of Johnson's disabilities, Secretary McDonough's agents told Johnson that if she failed to complete the exam, she would be removed from service. (*Id.*, PageID.7.)

Johnson further alleges that McDonough's agents failed to provide her with necessary documents including a Statement of Medical Documentation for Johnson's health care providers. (*Id.*) And she says that McDonough's agents improperly stored, received, or distributed her psychiatric medical records. (*Id.*, PageID.5.) Johnson says that she learned of the improper storage, receipt, or distribution of her medical records on June 26, 2021, when Donald Lee, one of McDonough's agents, attached Johnson's confidential medical records to a filing with the EEOC. (*Id.*)

### III. Dismissal Standard

The Federal Rules provide that a claim may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Put differently, if plaintiffs do "not nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In determining whether a claim has facial plausibility, a court must construe the complaint in the light most favorable to the plaintiff, accept the factual allegations as true, and draw all reasonable inferences in favor of the plaintiff. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). Those

factual allegations "must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (internal citations omitted). "When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett*, 528 F.3d at 430.

## IV. Analysis

In her complaint, Johnson avers that Secretary McDonough's agents retaliated against her (Count I) and created a hostile work environment (Count II), in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.* (ECF No. 1, PageID.8-9.) She further alleges that Secretary McDonough's agents retaliated against her (Count III) and created a hostile work environment (Count IV), in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* (*Id.*, PageID.9-12.) In addition, Johnson claims that Secretary McDonough's agents violated the non-disclosure provisions of the Rehabilitation Act. (*Id.*, PageID.5.)

In responding to Secretary McDonough's motion to dismiss, Johnson concedes to the dismissal of her hostile work environment claims (Counts II & IV). (ECF No. 27, PageID.82.) But Johnson maintains that McDonough's agents retaliated against her in violation of Title VII and the Rehabilitation Act, and that they unlawfully disclosed her confidential medical records.

5

In moving to dismiss, Secretary McDonough argues that Johnson's complaint fails to state a claim under Title VII because Johnson did not plead membership in a protected class, and because Title VII does not apply to disability discrimination. (ECF No. 14, PageID.36.) McDonough further contends that Johnson fails to state a claim under the Rehabilitation Act because Johnson did not allege that she suffered an adverse action sufficient to state a retaliation claim and Johnson's complaint contains only conclusory allegations that her medical information was unlawfully disclosed. (ECF No. 14, PageID.37-43.)

### a. Title VII Retaliation (Count I)

Johnson first alleges that McDonough's agents retaliated against her in violation of Title VII by requiring her to attend an "unnecessary medical examination." (ECF No. 1, PageID.8; ECF No. 27, PageID.87.)

To establish a prima facie case of unlawful retaliation under Title VII, plaintiffs must show that: (1) they engaged in activity protected under Title VII; (2) defendants were aware of this activity; (3) after engaging in protected activity, they faced an adverse action by defendants; and (4) there was a causal connection between the protected activity and the adverse action. *Rogers v. Henry Ford Health Sys.*, 897 F.3d 763, 775 (6th Cir. 2018) (citing *Laster v. City of Kalamazoo*, 746 F.3d 714, 730 (6th Cir. 2014)). At this stage, Johnson does not have to establish all the elements of a prima facie case of retaliation to avoid dismissal; Johnson must only state a facially plausible claim for relief. *Fisher v. Mich. Dep't of Corr.*, No. 1:20-CV-302, 2021 WL

5507874, at *5 (W.D. Mich. Aug. 12, 2021) (citing *Crowder v. Railcrew Xpress*, 557 F. App'x 487, 492-93 (6th Cir. 2014)).

In the undersigned's opinion, Johnson's factual allegations miss the mark on the first element of her Title VII retaliation claim. While Johnson alleges that she engaged in protected activity, she does not sufficiently allege that she engaged in activity protected *under Title VII*. Title VII makes it unlawful for an employer to discriminate against individuals based on "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). Contrary to her assertions in opposing the dismissal of this claim, nothing in Johnson's complaint indicates that her prior protected activity concerned discrimination based on race, color, religion, sex, or national origin. Johnson's complaint specifies only that her prior activity pertained to disability and "reprisal." (ECF No. 1, PageID.2, 5.) As such, Johnson's complaint does not state a plausible claim for relief under Title VII. *Clark v. City of Dublin*, 178 F. App'x 522, 524 (6th Cir. 2006) ("Title VII does not cover age or disability discrimination claims." (citing *Kremer v. Chem. Const. Corp.*, 456 U.S. 461, 466 n. 4 (1982))). The undersigned therefore recommends that the Court grant Secretary McDonough's motion to dismiss with respect to Johnson's Title VII retaliation claim in Count I.

### b. Rehabilitation Act

Johnson next alleges violations of the Rehabilitation Act. Specifically, Johnson claims that Secretary McDonough's agents retaliated against her for her prior

complaints of disability discrimination and unlawfully obtained, retained, or disclosed her psychiatric records.[3] (ECF No. 1, PageID.9-10.)

### i. Retaliation (Count III)

The prima facie elements for unlawful retaliation under the Rehabilitation Act are essentially the same as the elements of unlawful retaliation under Title VII. *A.C. ex rel. J.C. v. Shelby Cnty. Bd. of Educ.*, 711 F.3d 687 (6th Cir. 2013) ("The Acts have a similar scope and aim; for purposes of retaliation analysis, cases construing either Act are generally applicable to both." (first citing *Andrews v. Ohio*, 104 F.3d 803, 807 (6th Cir. 1997); and then citing *Burns v. City of Columbus*, 91 F.3d 836, 842 (6th Cir.1996))). Johnson purports to set forth her prima facie case as follows: (1) her earlier complaints for disability discrimination and retaliation were protected activity; (2) McDonough's agents were aware of her earlier complaints; (3) after Johnson made her earlier complaints, McDonough's agents demanded that Johnson undergo an unnecessary medical examination; and (4) Johnson alleged that McDonough's agents were motivated by her earlier complaints. (ECF No. 27, PageID.87.)

Here, Johnson sufficiently alleged that she engaged in activity protected by the Rehabilitation Act when she made complaints of disability discrimination. But

---

[3] In her complaint, Johnson also alleged that McDonough's agents "failed to engage in a meaningful interactive process to determine how to accommodate [Johnson's] disability" when it came to scheduling the special medical exam. (ECF No. 1, PageID.10-11.) But in her response to McDonough's motion to dismiss, Johnson concedes that there was no failure to accommodate, as Johnson was ultimately not made to attend the exam. (ECF No. 27, PageID.82-83.)

8

Secretary McDonough contends that the Notice of Special Medical Exam for Fitness of Duties did not constitute an adverse action. (ECF No. 14, PageID.38-39.)

An adverse action is one that "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Taylor v. Geithner*, 703 F.3d 328, 336 (6th Cir. 2013) (quoting *Garner v. Cuyahoga Cnty. Juv. Ct.*, 554 F.3d 624, 639 (6th Cir. 2009)). However, "[a]n employee's decision to report discriminatory behavior cannot immunize that employee from those petty slights or minor annoyances that often take place at work and that all employees experience." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006).

In her complaint, Johnson alleges that McDonough's agents had already confirmed her eligibility for disability retirement by the time that they scheduled the Special Medical Exam for Fitness of Duties. (ECF No. 1, PageID.6-7.) Nevertheless, McDonough's agents scheduled the exam, and they scheduled it to take place in another state. (*Id.*, PageID.6.) Then, from November 19, 2020 to December 9, 2020, McDonough's agents refused Johnson's requests to move the exam in light of her disabilities and the ongoing pandemic. (*Id.*) According to Johnson, they "continued to force [her] to submit to the Exam scheduled for December 9, 2020." (*Id.*, PageID.7.) And at some point, McDonough's agents told Johnson that if she refused to complete the exam, she would be removed from service. (*Id.*)

For his part, Secretary McDonough points out that the Sixth Circuit has found that fitness for duty examinations "ordered for valid reasons can neither count as an adverse job action nor prove discrimination." (ECF No. 14, PageID.39 (quoting *Pena*

9

*v. City of Flushing*, 651 F. App'x 415 (6th Cir. 2016).)  Furthermore, Secretary McDonough notes that Johnson was ultimately not required to attend the exam and was still approved for disability retirement.  (*Id.*, PageID.38-40.)

The undersigned agrees that if the exam was scheduled for valid reasons, it likely did not constitute an adverse action.  But at this stage of the case, the Court must draw all reasonable inferences in Johnson's favor, *Bassett*, 528 F.3d at 430, and Johnson alleges that the exam was not ordered for valid reasons.  (ECF No. 1, PageID.7.)  In the opinion of the undersigned, this issue — whether scheduling the exam constituted an adverse action — is more effectively addressed at the summary judgment stage, after the facts are developed in discovery.  The undersigned therefore respectfully recommends that the Court deny Secretary McDonough's motion to dismiss with respect to this claim.

### ii.  Unlawful Disclosure

Johnson says that Secretary McDonough's agents not only retaliated against her but also violated the Rehabilitation Act by "disseminat[ing] and disclos[ing] medical information pertaining to [Johnson]."  (ECF No. 1, PageID.5.)  Johnson alleges that she learned of the improper receipt, storage, or distribution of her documents when one of McDonough's agents attached her confidential records to a filing with the EEOC.  (*Id.*)

Section 794(d) of the Rehabilitation Act incorporates by reference the limitations on the disclosure of medical information contained in the Americans with Disabilities Act.  *Lee v. City of Columbus*, 636 F.3d 245, 252 (6th Cir. 2011) ("We agree

10

with the district court and other courts that the ADA's limitations on the disclosure of medical information set forth in 42 U.S.C. § 12112(d) are incorporated by reference into the Rehabilitation Act."). The ADA provides in relevant part:

> A covered entity may conduct voluntary medical examinations, including voluntary medical histories, which are part of an employee health program available to employees at that work site. A covered entity may make inquiries into the ability of an employee to perform job-related functions.

42 U.S.C. § 12112(d)(4)(B). The ADA requires that information obtained in accordance with § 12112(d)(4)(B):

> is collected and maintained on separate forms and in separate medical files and is treated as a confidential medical record, except that . . . supervisors and managers may be informed regarding necessary restrictions on the work or duties of the employee and necessary accommodations . . . and government officials investigating compliance with this chapter shall be provided relevant information on request.

42 U.S.C. § 12112(d)(3)(B); *see also* 42 U.S.C. § 12112(d)(4)(C).

Secretary McDonough avers that the Court cannot infer a violation of the Rehabilitation Act from the allegations in Johnson's complaint for two reasons. First, McDonough says that the non-disclosure provision only applies to medical records obtained through examinations conducted by the entity; and Johnson does not allege that the entity obtained the relevant records as part of a medical examination. (ECF No. 14, PageID.42.) Second, McDonough says that § 12112(d)(3)(B)(iii) permits the disclosure of confidential medical records to "government officials investigating ADA compliance," and that the disclosure of Johnson's records to the EEOC was therefore permissible under the statute. (*Id.*)

11

In response, Johnson clarifies that her claim is not based on an unlawful disclosure to the EEOC. (ECF No. 27, PageID.91.) Instead, Johnson says that the disclosure to the EEOC put her on notice of the improper receipt, storage, or distribution of her medical records. (*Id.*) She avers that the allegations in her complaint are sufficient for the Court to infer a violation of the Rehabilitation Act's non-disclosure provisions. (*Id.*, PageID.92.) The undersigned respectfully disagrees.

Johnson's only allegations with respect to the disclosure of her records are as follows:

> In Complaint 200J-0585-2021101235, Plaintiff alleged the Agency discriminated against her based upon her disability and violated the Rehabilitation Act when it disseminated and disclosed medical information pertaining to the Plaintiff.
>
> Agents and or supervision of the Defendant including but not limited to Mr. Donald Lee improperly stored, received, and or distributed documents containing the Plaintiff's psychiatric status from her mental health provider.
>
> Agents and or supervision of the Defendant within the human resources department at the Iron Mountain VAMC improperly stored psychiatric medical records for the Plaintiff that allowed unauthorized access and or improper distribution.
>
> On or about June 26, 2021, Plaintiff learned that her medical records and or confidential information related to her disability were improperly distributed when Mr. Donald Lee attached the records to his affidavit in response to EEOC Complaint 200J-0585-2021101235.

(ECF No. 1, PageID.5.)

Johnson contends that these allegations "cannot be inferred to the detriment of [Johnson]." (ECF No. 27, PageID.92.) But in the undersigned's opinion, there is nothing to infer from these allegations at all. Instead, these are exactly the kinds of

conclusory allegations that fail to state a claim. *Iqbal*, 556 U.S. at 678. Johnson says that her medical records were improperly received, stored, or distributed by McDonough's agents, but does not expound on how or when they were received, stored, or distributed at all. The only specific allegation from which the Court might be able to infer an unlawful disclosure is Johnson's allegation that one Donald Lee disclosed her medical records to the EEOC, but, according to Johnson, such an inference would be incorrect. (ECF No. 27, PageID.91 ("[McDonough] incorrectly infers that Plaintiff cite Mr. Lee's production of medical records to the EEOC as the claim of improper disclosure.").) Accordingly, the undersigned respectfully recommends that the Court grant Secretary McDonough's motion to dismiss with respect to this claim.

## V.     Recommendation

The undersigned respectfully recommends that the Court grant in part and deny in part Secretary McDonough's motion to dismiss. Johnson concedes to the dismissal of her hostile work environment claims (Counts II & IV). And in the opinion of the undersigned, Johnson's allegations fail to state a claim of retaliation under Title VII (Count I), or of unlawful disclosure under the Rehabilitation Act. But, construing the facts in the light most favorable to Johnson, it is the undersigned's opinion that Johnson has sufficiently stated a claim of retaliation under the Rehabilitation Act (Count III).

If the Court accepts this recommendation, only Johnson's retaliation claim under the Rehabilitation Act (Count III) will remain.

Dated:   May 5, 2023                                     /s/ *Maarten Vermaat*
                                                          MAARTEN VERMAAT
                                                          U. S. MAGISTRATE JUDGE

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C) Fed. R. Civ. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).