UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DARLENE JOHNSON,

    Plaintiff,

v.

DENNIS R. MCDONOUGH,

    Defendant.
_____/

Case No. 2:22-cv-122

Hon. Hala Y. Jarbou

## ORDER

On May 5, 2023, the magistrate issued a Report and Recommendation (R&R) (ECF No. 36), recommending that the Court grant in part and deny in part Defendant's motion to dismiss the complaint. Before the Court are Plaintiff's and Defendant's respective objections to the R&R. (Def.'s Objs., ECF No. 37; Pl.'s Objs., ECF No. 38.)

Under Rule 72 of the Federal Rules of Civil Procedure,

> the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

**Defendant's Objections**

Defendant objects to the magistrate judge's determination that the complaint states a plausible retaliation claim under the Rehabilitation Act. According to the complaint, Plaintiff was involved in a serious automobile accident in October 2018 while employed by the Department of Veterans Affairs ("VA"). The accident left her with a "Neurocognitive Disorder" that has prevented her from performing her duties for the VA. (Compl. ¶ 15, ECF No. 1.)

In September 2020, Plaintiff allegedly received forms from Defendant "confirming [her] eligibility for a disability retirement" without the necessity for a "Fitness for Duty Exam." (*Id.* ¶ 31.) Nevertheless, Defendant's agents who were already aware of Defendant's disability scheduled her to take such an exam on December 8, 2020. And between November 21, 2020, and December 9, 2020, those agents refused to accommodate Plaintiff's requests to perform such the exam remotely, "force[d]" Plaintiff to undergo the scheduled exam, and informed her that she would be "removed from Federal service" if she did not complete the exam. (*Id.* ¶¶ 28-35.)

Plaintiff apparently concedes that she did not attend the medical exam, stating that "her medical retirement ultimately deterr[ed] the Defendant from forcing her to attend the unnecessary medical examination[.]" (Pl.'s Resp. Br. 1-2, ECF No. 27.) But she contends that, among other things, Defendant's agents unnecessarily demanded that she undergo this exam as an adverse action taken in retaliation for prior complaints that she had made about disability discrimination.

In its motion to dismiss, Defendant argued that Plaintiff did not state a retaliation claim because the requirement to undergo a fitness-for-duty exam was not an adverse action. The magistrate judge disagreed, noting precedent stating that "an examination ordered for valid reasons can neither count as an adverse job action nor prove discrimination." *Pena v. City of Flushing*, 651 F. App'x 415, 422 (6th Cir. 2016) (quoting *Sullivan v. River Valley Sch. Dist.*, 197 F.3d 804, 813 (6th Cir. 1999)). The magistrate judge determined that Plaintiff's allegations suggest that the exam was not ordered for valid reasons, so Defendant's requirement that Plaintiff undergo such an examination might constitute an adverse action. (R&R 10.)

Defendant argues that this conclusion is wrong because Plaintiff suffered no material adverse action. Defendant contends that Plaintiff did not attend the medical examination and was not terminated for failure to do so. Thus, Defendant argues that its notice to Plaintiff of the medical

2

examination and its statements requiring her to undergo the examination were akin to mere statements or unfulfilled threats that do not rise to the level of an adverse employment action.

The Court of Appeals has indicated that "[m]ere threats of alleged adverse employment action are generally not sufficient to satisfy the adverse action requirement." *Mitchell v. Vanderbilt Univ.*, 389 F.3d 177, 182 (6th Cir. 2004); *see also Plautz v. Potter*, 156 F. App'x 182, 817 (6th Cir. 2005) ("[I]t is settled in this circuit that a threat to discharge is not an adverse employment action."). In *Mitchell*, the court held that the plaintiff did not suffer adverse actions because "the proposed actions"—reducing his pay, reassigning him to another position—"were never implemented." *Id.* Similarly, Defendant contends that its order to require Plaintiff to undergo a medical examination was not an adverse action because Plaintiff never participated in the examination and Defendant did not enforce its order.

However, Plaintiff noted in response to Defendant's motion that an adverse action "is not limited to discriminatory actions that affect the terms and conditions of employment." *Burlington N. & Santa Fe. Ry. Co. v. White*, 548 U.S. 53, 64 (2006). The relevant question is whether "a reasonable employee would have found the challenged action materially adverse," i.e., whether the challenged action "might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id.* at 68 (citation and quotations marks omitted). The answer to this question generally "depend[s] upon the particular circumstances" because "[c]ontext matters." *Id.* at 69.

Here, unlike a mere threat of harm, Defendant's order impacted Plaintiff by requiring her to respond and to seek scheduling accommodations lest she forfeit her employment. These circumstances may or may not rise to the level of a materially adverse action, but the Court agrees

3

with the magistrate judge that the issue is more properly addressed after development of the evidentiary record.

Next, Defendant argues that its order for her to undergo a medical examination was not an adverse action motivated by Plaintiff's protected conduct because Defendant had a valid reason to order such an exam due to Plaintiff's injury. Although Plaintiff alleges that such an exam was not necessary because Defendant had already confirmed her eligibility for disability retirement (Compl. ¶ 31), Defendant contends that this allegation is false because Defendant does not process or approve disability retirement applications; that responsibility belongs to the Office of Personnel Management ("OPM"). To support this assertion, Defendant relies upon a disability retirement pamphlet for federal employees that is available at the OPM's website.

There are several reasons why this argument is not proper or persuasive. First, Defendant raised this argument about the OPM for the first time in a reply brief in support of its motion to dismiss. A reply brief is generally not the appropriate place to raise new arguments. *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008). That is especially true here, where Defendant used its reply brief to introduce new evidence that was not part of the record.

Second, Defendant's evidence does not plainly contradict Plaintiff's allegation that Defendant confirmed her eligibility for a disability retirement. The pamphlet says nothing about Defendant and does not rule out Defendant's involvement in the approval process for Defendant's employees. Thus, the Court rejects this objection.

Finally, Defendant argues that the complaint undermines Plaintiff's retaliation claim because it asserts that she was "approved for disability retirement effective as of February 27, 2021." (Compl. ¶ 18.) According to Defendant, if Plaintiff did not receive approval for her disability retirement until February 2021, then Defendant had a legitimate basis for requiring her

4

to undergo a medical examination in the fall of 2020.  However, Defendant's argument improperly construes the complaint in favor of Defendant rather than Plaintiff.  The complaint does not expressly state when the approval occurred.  Instead, it suggests that the approval made her disability retirement *effective* on February 27, 2021.  Construing the complaint in Plaintiff's favor, that approval could have occurred at an earlier date.  Thus, Defendant's objections do not persuade the Court that the magistrate judge erred in his decision.

### **Plaintiff's Objections**

Plaintiff objects to the magistrate judge's determination that she does not state a claim under the Rehabilitation Act for improper disclosure of her medical records.  That statute incorporates provisions in the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112(d), which limit disclosure of employee medical information obtained by an employer from a medical examination performed in connection with the employment relationship.  *Lee v. City of Columbus*, 636 F.3d 245, 252 (6th Cir. 2011).  Plaintiff alleges in her complaint that "agents" of Defendant, including "Mr. Donald Lee," "improperly stored, received, and or distributed documents containing the Plaintiff's psychiatric status[.]" (Compl. ¶ 20.)  She also alleges that she "learned that her medical records and or confidential information . . . were improperly distributed" when Lee attached her records to an affidavit in response to an EEOC complaint.  (*Id.* ¶ 22.)

The magistrate judge correctly determined that these allegations were conclusory and vague.  At most, they suggested an improper disclosure by Lee, yet in her response to the motion to dismiss, Plaintiff expressly disavowed such an interpretation of her complaint.  (*See* R&R 12-13.)

5

Defendant also noted that Plaintiff did not allege that the information at issue was obtained through a medical examination. She merely alleged that the information came "from her mental health provider." (Compl. ¶ 20.)

In her objections, Plaintiff apparently contends that her complaint alleges an improper disclosure *to Lee*, who was not authorized to possess Plaintiff's records. However, that assertion is far from obvious given that Plaintiff also alleges that Lee improperly stored that information and improperly distributed it. Plaintiff's assertion that Lee had an obligation to properly store her information and to not distribute it implies that he had some authorization to possess it.

At any rate, even if Plaintiff's allegations were sufficient to plausibly allege an improper disclosure by Defendant to Lee, Plaintiff does not squarely address Defendant's separate argument that Plaintiff does not allege that her information is covered by the ADA's confidentiality provisions. That is, she does not allege that her information derived from the type of medical examination discussed in the ADA. The ADA's provisions do not encompass any and all medical information possessed by an employer about an employee. "[T]he Rehabilitation Act addresses the confidentiality of medical records only in the limited context of pre-employment examinations." *Lee*, 636 F.3d at 252. Thus, dismissal of Plaintiff's Rehabilitation Act claim regarding disclosure of her medical information is appropriate for this reason.

Finally, Plaintiff objects to the recommendation to dismiss her Title VII retaliation claim. As protected conduct, her complaint identifies a "pending lawsuit 2:21-cv-36," in which she "alleged that Defendant subjected [her to a] hostile work environment based upon reprisal for prior EEO activity and discriminated against her based upon her disability[.]" (Compl. ¶ 23.) These allegations are not sufficient to allege protected activity under Title VII, which concerns

6

discrimination "based on race, color, religion, sex, or national origin," not discrimination based on disability. (R&R 7.)

Plaintiff apparently argues that her references to a separate lawsuit and to "prior EEO activity" suffice to allege protected conduct under Title VII. They do not. The documents and pleadings in the other lawsuit are not part of this one, so it is not at all clear from the complaint in this case whether that lawsuit is itself protected conduct under Title VII. Moreover, a vague reference to "prior EEO activity" is plainly insufficient to allege protected conduct under Title VII, let alone conduct that has a causal connection to Defendant's allegedly retaliatory actions. It is not even clear what "EEO activity" means. Accordingly, the Court will overrule Plaintiff's objections.

To the extent Plaintiff asks for leave to amend her complaint, the Court cannot assess such a request without a proper motion and a proposed amended complaint.

Accordingly,

**IT IS ORDERED** that the parties' objections (ECF Nos. 37, 38) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation (ECF No. 36) is **APPROVED** and **ADOPTED** as the opinion of the Court, with the added reason that dismissal of Plaintiff's disclosure claim under the Rehabilitation Act is appropriate because Plaintiff does not allege the disclosure of information covered by the ADA.

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss the complaint (ECF No. 13) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Counts I, II, and IV of the complaint are **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff's claim of unlawful disclosure under the Rehabilitation Act is **DISMISSED**.

The only claim remaining is in Count III of the complaint.

Dated: June 28, 2023                        /s/ Hala Y. Jarbou
                                                           HALA Y. JARBOU
                                                           CHIEF UNITED STATES DISTRICT JUDGE